UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID J. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3189 |
| | ) | |
| JASON CHENOWETH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his claims arising from alleged unwarranted disciplinary warnings.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van

1

Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.  The events of which he complains occurred in July and October of 2010.

On July 19, 2010, Defendants Lawson and Chenoweth shook down Plaintiff's cell and wrote him a false ticket for possessing contraband.  The alleged contraband was either allowed under the rules or belonged to Plaintiff's roommate.  Plaintiff received a warning for possessing minor contraband.  He received no other punishment, but Plaintiff contends

that the disciplinary ticket was used against him in his commitment proceeding in September, 2010.

The next incident occurred on October 5, 2010, when Plaintiff was making biscuits in the dietary unit. Defendant McAdory, the former security director, observed Plaintiff touching the raw dough without gloves. McAdory instructed a guard to have Plaintiff don gloves, but Plaintiff explained that he had learned from his food sanitation class that gloves were not required for working with raw dough, which was the practice followed in the dietary unit. The next day Plaintiff tried again to explain the glove exception to McAdory, but McAdory responded that Plaintiff must wear gloves, regardless. Plaintiff was placed in temporary segregation and written a disciplinary ticket for not complying with rules and for disrupting the dietary unit. Two days later Plaintiff was released from temporary segregation with a warning for disobeying a direct order and with a recommendation that Plaintiff repeat the sanitation class.

For his relief, Plaintiff seeks an injunction requiring two weeks notice for changes to policies or rules. He also seeks expungement of the

disciplinary tickets.

## ANALYSIS

The Constitution does not protect against all arbitrary actions by prison officials, but rather only against those actions that cause the deprivation a constitutionally protected interest. The deprivation suffered must be "atypical and significant . . . in relation to the ordinary incidents of [Plaintiff's] confinement." <u>Thielman v. Leean</u>, 282 F.3d 478, 484 (7th Cir. 2002)(*citing* <u>Sandin v. Conner</u>, 515 U.S. 472, 487 (1995); *see also* <u>Leslie v. Doyle</u>, 125 F.3d 1132, 1136 (7th Cir. 1998)("Broadly speaking, the Constitution does not create a cause of action for arbitrary and purposeless acts by officials per se, . . . ; it prohibits the abuse of power that effects a *significant* deprivation.")(emphasis in original) (citations omitted)).

The deprivations Plaintiff suffered in this case—two days of temporary segregation pending a disciplinary hearing and two disciplinary warnings—are not serious enough to implicate constitutionally protected interests. *See* <u>Miller v. Dobier</u>, 634 F.3d 412

(7th Cir. 2011)(in the context of Rushville Treatment and Detention Center, imposition of "close" status did not implicate a constitutionally protected liberty interest); Holly v. Woolfolk, 415 F.3d 678 (7th Cir. 2005)(pretrial detainee's 2-day detention in segregation pending a disciplinary hearing did not state a constitutional claim).

Plaintiff's allegation that the disciplinary reports have or could detrimentally affect his civil commitment hearings also does not state a claim.  See Sandin, 515 U.S. at 487 ("[t]he chance that a finding of misconduct [during prison] will alter the balance [in a parole hearing] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.").  In any event, a federal challenge to Plaintiff's detention may proceed only as a habeas corpus action, after the exhaustion of state law remedies.   Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003)("Attacks on the fact or duration of confinement come under [28 U.S.C.] § 2254.").

IT IS THEREFORE ORDERED:

    1.    Plaintiff's petition to proceed in forma pauperis is denied (d/e

2) because he fails to state a federal claim for relief. The hearing scheduled for August 27, 2012, is cancelled as unnecessary. The clerk is directed to notify Plaintiff's detention facility of the cancellation. All pending motions are denied as moot, and this case is closed. The clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

    2.    If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED:   August 24, 2012

FOR THE COURT:

                                    s/Sue E. Myerscough
                                   SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE